IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SHEILA DAWN M.,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

    Defendant.

Case No. 18-CV-105-TCK-FHM

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's November 7, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") B.D. Crutchfield was held February 6, 2017. By decision dated March 16, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 29, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 41 years old on the alleged date of onset of disability and 45 on the date of the ALJ's denial decision.  She has a high school education and formerly worked as a collection clerk, receptionist, deep fat fry cook, fast food cashier, general hardware salesperson, and a secretary .  She claims to have been unable to work since November 1, 2012, as a result of back pain from scoliosis, depression, anxiety, panic attacks, restless leg syndrome, and sleep apnea.

## The ALJ's Decision

The ALJ determined that Plaintiff engaged in full time work in 2015 and in the third quarter of 2016, however there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  The ALJ found that during the period when she was not working, Plaintiff retained the residual functional capacity (RFC) to perform light work activity, meaning she had the ability to lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently and could sit, stand, or walk six hours in an eight-hour workday with normal breaks, however she can only occasionally stoop. [R.

18]. Relying on the testimony of a vocational expert, the ALJ determined that Plaintiff is able to perform her past relevant work as a collection clerk, fast food cashier, and a receptionist as those jobs were actually or generally performed. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ's rejection of the opinion by treating physician, Dr. Weighman, is not supported by substantial evidence, that the ALJ improperly relied on the opinions of the state agency physicians, and that the RFC for the ability to perform the mental requirements of work is not supported by substantial evidence.

### Analysis

Before embarking on an analysis of Plaintiff's alleged errors, it is helpful to consider what time frame is at issue. Plaintiff applied for Disability Insurance Benefits (DIB) alleging an onset date of November 1, 2012. Her insured status expired on September 30, 2013. Thus, for DIB benefits Plaintiff was required to demonstrate she was disabled as that term is defined in the Social Security regulations before September 30, 2013. The earliest medical record submitted in support of Plaintiff's application for benefits is dated September 8, 2014, [R. 276], nearly a year after Plaintiff's insured status expired. That record is a single visit to R. Tyler Boone, M.D. at Eastern Oklahoma Orthopedic Center. X-rays were taken, and Dr. Boone recorded his impression that Plaintiff had lumbar facet DJD/facet syndrome with lumbar degenerative disk disease probably L5-S1 and L4-L5, cervical facet

syndrome, and some mild spondylitic disease in the thoracic spine. [R. 276]. Dr. Boone recommended physical therapy and that Plaintiff return in 5 to 6 weeks to do an MRI if she is not improving. Plaintiff did not follow through with physical therapy or return to see Dr. Boone as planned. There is nothing about Dr. Boone's record, or any other medical records in the file, to suggest Plaintiff met the definition of disability before her insured status expired on September 30, 2013.

Plaintiff applied for Supplemental Security Income (SSI) on December 1, 2014, again alleging disability since November 1, 2012. However, Plaintiff performed substantial gainful activity during all of 2015 and during the third quarter of 2016, July 1 to September 30, 2016. If a person engages in substantial gainful activity the person is, by definition, not disabled. [R. 14], 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience"), 20 C.F.R. § 404.920(b) (same). Regardless of her condition, because she performed substantial gainful activity, Plaintiff was not disabled during 2015 or from July 1 to September 30, 2016. The time between the end of 2015 and the beginning of the third quarter of 2016 is not a continuous period of twelve months so as to meet the requirements of disability under the Social Security Act. 20 C.F.R. §§ 404.1505(a), 416.905(a).

Given the foregoing, the focus of the analysis is from October 1, 2016 to the date of the ALJ's denial decision, March 21, 2017. Although that time frame is not the required twelve months, if Plaintiff is unable to perform substantial gainful activity during that time and the inability to do so is expected to last for a continuous period of not less than twelve months, she would meet the definition of disability.

Consideration of Dr. Weighman's Opinion

The record contains a Medical Source Statement (Physical) dated March 2, 2016, completed by David Weighman, M.D.  The form contains no indication of Dr. Weighman's practice specialty or even an address where he practices.  [R. 281-282].  The medical record contains no treatment or examination records what-so-ever from Dr. Weighman. Aside from the Medical Source Statement, the only places in the record where Dr. Weighman appears is on a Warren Clinic Registration document dated February 24, 2016 completed by Plaintiff wherein she lists him as her previous doctor,[R. 312], and Dr. Weighman's signature appears on an "Agreement for Controlled Substance Prescription" form dated March 19, 2015.  [R. 316, 336, 357].

On the Medical Source Statement form, Dr. Weighman opined that Plaintiff was severely restricted in her ability to work:  she would miss more than 10 workdays per month; she could only occasionally sit or stand; she could occasionally lift/carry up to 10 pounds; she could occasionally use her hands for fine manipulation and never for gross manipulation; she would be off-task 90% of the time due to pain; she would need to elevate her legs 5-8 times per day for 30 minutes each time to alleviate pain; and she would need to lie down 2-4 times for an hour.  [R. 281-282].  At the February 6, 2017 hearing, Plaintiff testified Dr. Weighman asked her the questions on the form and she provided answers, he made notes, and said he would submit the form.  [R. 55-56].

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th

Cir. 2004).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  *Watkins v.* Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted).  If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).  Plaintiff argues that the ALJ failed to give sufficient reasons for rejecting Dr. Weighman's opinion.

The ALJ acknowledged the content of Dr. Weighman's Medical Source Statement, but accorded it little weight, finding that the objective medical records "do not remotely support the extreme limitations" and the limitations "are unsupported by both objective and subjective reports." [R. 21].  The undersigned finds that the ALJ gave sufficient reasons, supported by substantial evidence, for the weight accorded Dr. Weighman's opinion.  The ALJ gave additional reasons which Plaintiff disputes, but the reasons cited herein sufficiently support the ALJ's decision.

The undersigned rejects Plaintiff's assertion that the ALJ erred by affording great weight to the opinions of the state agency physicians who reviewed Plaintiff's medical records and rendered opinions about her RFC.  Plaintiff cites case law to the effect that opinions of treating and examining physicians should receive greater weight than the opinions of these non-examining doctors.  Those cases are inapplicable here where the record contains no evidence that Dr. Weighman treated or even examined Plaintiff at all, especially during the time frame under consideration, October 1, 2016 to March 21, 2017.  Plaintiff's testimony confirms that Dr. Weighman did not treat her during the relevant time

6

frame. At the February 6, 2017 hearing Plaintiff testified the last time she saw Dr. Weighman was two years earlier. [R. 55].

Mental RFC

Plaintiff argues that the mental RFC was undeveloped. She asserts that since the record did not contain a capacity assessment from a medical professional, the ALJ's findings are not supported by substantial evidence, but the ALJ's own lay opinion. To the extent that Plaintiff is asserting that RFC findings must be supported by a medical opinion, that assertion is rejected. There is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; see, e.g ., *Wall v. Astrue,* 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297,

302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance).[2]

The ALJ performed the Psychiatric Review Technique (PRT) required when allegations of mental impairment are made.[3]  The ALJ found that in each of the areas evaluated, the evidence supported only mild limitations.  [R. 17-18].  Under the Commissioner's regulations, this supports a finding that the mental impairments are nonsevere.  20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  Plaintiff generally argues that some RFC limitation should have been included to account for these mild limitations, but Plaintiff has not pointed the court to any specific limitations supported by the record that she claims should have been included in the RFC.  The undersigned finds no error in the ALJ's failure to include any RFC restrictions due to Plaintiff's alleged mental impairments, and further finds that the RFC is supported by substantial evidence.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the

---

[2] The case Plaintiff cited from the Eastern District of Michigan, *Gross v. Comm'r of Soc. Sec.*, 247 F.Supp.3d 824, 828 (E.D. Mich. 2017) holds otherwise.  That case is neither controlling nor persuasive in light of contrary Tenth Circuit precedent.

[3] When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision.  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same).  The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria:  understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself.  These criteria represent the areas of mental functioning a person uses in a work setting.  *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before April 26, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 12th of April, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE